849 F.2d 1475
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Steven P. BISHOFSKY; Craig K. Brown, Plaintiffs-Appellants,
v.
Wilfred EBLE, Director of the U.S. Selective Service System,
et al., Defendants-Appellees.
 No. 87-3648.
 United States Court of Appeals, Ninth Circuit.
 Argued Feb. 2, 1988.
Submitted March 4, 1988.
Decided June 14, 1988.
As Amended on Denial of Rehearing Aug. 5, 1988.
 Before JAMES R. BROWNING, NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Bishofsky and Brown have failed to register for the Selective Service System which they allege suffers from a variety of constitutional infirmities. The district court granted the government's motion to dismiss all of appellants' claims. Between the time of the district court's ruling and oral argument on appeal, Brown turned 26 years old. Bishofsky was already 26. Because the Selective Service is not statutorily authorized to register persons 26 years old and over (except in circumstances not applicable here), the government argues that appellants' claims are moot. We agree.
 
 
 3
 "Exercise of our power to adjudicate the instant case depends upon the existence of a case or controversy; we lack jurisdiction to hear moot cases." Enrico's Inc v. Rice, 730 F.2d 1250, 1253 (9th Cir.1984). Although the existence of a live case or controversy is not discernable by any precise test, the Supreme Court has established certain principles which guide our inquiry.
 
 
 4
 A plaintiff who challenges a statute must demonstrate a "realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). The Military Selective Service Act empowers the President to require registration for every male citizen and every male resident alien between the ages of 18 and 26. Because the plaintiffs have passed the age of 26, they are under no continuing legal duty to register and cannot claim that they intend to engage in a continuing course of conduct proscribed by the registration laws. Instead, appellants argue that their claim is not moot because they remain subject to criminal prosecution and because, as non-registrants, they are ineligible for certain government grants and entitlements.
 
 
 5
 Appellants speculative injuries are not sufficient to render this a live controversy. "When plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible,' they do not allege a dispute susceptible to resolution by a federal court." Id. at 298-99 (quoting Younger v. Harris, 401 U.S. 37, 42 (1971)). Here, the appellants themselves have contended that the Justice Department is pursuing a policy of not prosecuting non-registrants. E.R. at 7. Moreover, the government has confirmed that the appellants are not under investigation. Appellee's Reply In Support Of Motion To Dismiss Appeal As Moot at 7. Although plaintiffs need not expose themselves to arrest and prosecution when the threat of prosecution chills the exercise of their constitutional rights, see Steffel v. Thompson, 415 U.S. 452, 459 (1974), Bishofsky and Brown can claim no chilling effect because they are under no continuing duty to register.
 
 
 6
 As for appellants' claim that they are ineligible for certain government benefits, they do not claim that they are currently applying for or will apply for any benefits which they will be denied because they failed to register. Nor do they seek redress for any past denial of benefits which was based upon their refusal to register; the pleadings seek only prohibitory injunctive relief. Complaint at 10. Excerpt of Record Tab No. 1.
 
 
 7
 Under the circumstances, appellants are not in "realistic danger" of suffering a direct injury as a result of the operation or enforcement of the registration laws. We therefore DISMISS their appeal as moot and VACATE the judgment of the district court.
 
 
 8
 Appellees' request for sanctions is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3